**Elvira SALI, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 02–4343.

United States Court of Appeals, Sixth Circuit.

Sept. 9, 2004.

Elvira Sali, Royal Oak, MI, pro se.

Richard M. Evans, Michael T. Dougherty, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondents.

Before KENNEDY and COOK, Circuit Judges; and HOOD, District Judge.*

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## ORDER

Elvira Sali, a native and citizen of Albania proceeding pro se, petitions for review of the decision of the Board of Immigration Appeals (BIA) that affirmed the decision of an immigration judge (IJ) to deny her applications for asylum, withholding of deportation, and protection under the Convention Against Torture. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Sali entered the United States without inspection in July 1996. In February 1997, the Immigration and Naturalization Service began deportation proceedings. In June 1998, Sali conceded deportability and applied for the relief indicated above. An IJ held a hearing in July 2000. In her application and testimony, Sali stated that she became involved in the pro-democracy movement in 1990 and 1991, opposed the Socialist Party during elections in 1995, and became active in trying to recover her family's property. The secret police detained, interrogated, beat, and threatened her. Sali left Albania in 1996 out of fear for her life. The IJ found that Sali's asylum application was untimely, and that she had not demonstrated extraordinary circumstances to excuse its untimely filing. The IJ further found that, even if Sali were eligible for asylum, she was not credible and did not demonstrate a well-founded fear of future persecution. The IJ denied Sali withholding of deportation, relief under the Convention Against Torture, and voluntary departure. The BIA affirmed the IJ's decision without opinion, and Sali filed a timely petition for review.

In her petition for review, Sali argues: (1) that the IJ erred in concluding that she had failed to establish eligibility for the relief requested; and (2) the BIA erred in not articulating its conclusion.

■ Initially, we note that the IJ's conclusion that Sali's asylum application was untimely is not reviewable. With some exceptions, an alien must apply for asylum within one year of the date of her arrival in the United States or within one year of April 1, 1997, whichever is later. See 8 U.S.C. § 1158(a)(2)(B). Section 1158(a)(3) bars judicial review of decisions made under § 1158(a)(2). Castellano–Chacon v. INS, 341 F.3d 533, 544 (6th Cir.2003). Accordingly, the timeliness of Sali's application is not subject to judicial review.

Section 1158(a)(3), however, applies only to asylum requests, so judicial review is available for the denial of withholding of removal. See Castellano–Chacon, 341 F.3d at 544–45. We will uphold a decision concerning withholding of deportation unless it is manifestly contrary to law. Id. at 545. Administrative findings of fact are " 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.' " Id. (quoting Ali v. Reno, 237 F.3d 591, 596 (6th Cir.2001)). When the BIA affirms the IJ's decision without opinion, we review the IJ's decision as the final agency order. Denko v. INS, 351 F.3d 717, 730 (6th Cir.2003).

■ Upon review, we conclude that the petition for review must be denied. A review of the record reveals no reason to disturb the administrative findings of fact, and the IJ's decision was not contrary to law. See Castellano–Chacon, 341 F.3d at 545. The IJ identified several inconsistencies between Sali's application and her testimony. For example, Sali described several incidents of torture in her testimony, but these allegations did not appear in her application for asylum. In addition, she

testified that she was not a member of the Lawful Landowners Association, but her applications indicated that she was. The IJ also found that Sali had failed to corroborate her testimony by calling her parents and brother as witnesses, and did not present documentary proof of her membership in any organizations. Sali tried to retract her statement that she paid $10,000 to have her parents smuggled into the United States when she realized that this would hurt her chances for voluntary departure. Finally, the IJ found that Sali's testimony was contradicted by the State Department reports on conditions in Albania.

The inconsistencies identified by the IJ were significant and went to the heart of Sali's claim. *See de Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir.1997). Moreover, Sali failed to corroborate her account with witnesses or documentary evidence. *See Diallo v. INS*, 232 F.3d 279, 285 (2d Cir.2000). Her proof was insufficient to justify either the withholding of deportation or relief under the Convention Against Torture. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 425, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987); *Selimi v. Ashcroft*, 360 F.3d 736, 741 (7th Cir.2004).

For the foregoing reasons, we deny the petition for review. Rule 34(j)(2)(C), Rules of the Sixth Circuit.